IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vernon Goodwin, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:21-cv-02051-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kenneth Nelsen, *Warden of Broad River Correctional Institution*, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Vernon Goodwin ("Petitioner"), a state prisoner, filed this Petition for Writ of Habeas Corpus with the assistance of counsel on July 12, 2021. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On November 10, 2021, Respondent filed his Return and a Motion for Summary Judgment. (ECF Nos. 14; 15). Petitioner filed a response in opposition to the motion (ECF No. 20), and Respondent replied (ECF No. 25). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion for summary judgment. (ECF No. 27). Petitioner filed his objections to the Report on May 19, 2022, (ECF No. 31), and this matter is now ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

1

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is represented by counsel in this action, the rules regarding liberal construction of *pro se* pleadings and filings do not apply in this instance.

# PROCEDURAL HISTORY[1]

On May 19, 20211, Petitioner was indicted by the Sumter County Grand Jury on twenty-five criminal charges, including counts for murder and first-degree burglary, and multiple counts for kidnapping, assault and battery with intent to kill, assault with intent to kill, armed robbery, attempted armed robbery. (ECF No. 14-4 at 10–16). Petitioner was represented by attorney Calvin Hastie, Jr., and proceeded to trial in September 2011 with his codefendant Cameran Kelley. *See* (ECF No. 14-1 at 3–253; 14-2; 14-3 at 3–). As to the murder charge, the jury found Petitioner guilty of the lesser-included offense of voluntary manslaughter, and Petitioner was found guilty as charged on the remaining twenty-four counts. (ECF No. 14-3 at 198–205). Petitioner was sentenced to twenty years for each of the attempted armed robbery counts; thirty years for the armed robbery, kidnapping, and voluntary manslaughter charges; and forty years for the first-degree burglary charge, all to run concurrently for an aggregate sentence of forty years. *Id*. at 229–30; (ECF No. 14-4 at 1). Petitioner initiated an appeal of his conviction and sentence, but voluntarily withdrew his appeal with the assistance of counsel on May 7, 2013. (ECF No. 14-5).

On October 1, 2013, Petitioner filed an application for post-conviction relief ("PCR") asserting denial of due process and ineffective assistance of counsel for failure to investigate. (ECF No. 14-4 at 3–9). An evidentiary hearing on Petitioner's application was held on April 17, 2015, before Judge James. *Id*. at 23–168. Petitioner was represented at the hearing by attorney Reginald I. Lloyd. *Id*. at 23. During the hearing, Petitioner's counsel raised three additional grounds in support of the application for PCR: (1) that trial counsel failed to move to quash the indictment based on its lack of reference to an accomplice liability theory; (2) that trial counsel failed to argue,

---

[1] The factual background and procedural history set forth herein are taken from Respondent's memorandum in support of his motion for summary judgment and the attachments thereto, (ECF Nos. 14; 14-1; 14-2; 14-3; 14-4; 14-5; 14-6; 14-7; 14-8; 14-9; 14-10; 14-11; 14-12), to which Petitioner does not object, *see* (ECF No. 20).

both in his motion for directed verdict and during the charge conference, that a conviction on a theory of accomplice liability requires proof of the defendant's physical presence at the scene; and (3) that trial counsel failed to pursue an alibi defense. *See id*. at 171. On January 16, 2018, Judge James entered an order dismissing Petitioner's application for relief. *Id*. at 169–80. Petitioner, through counsel, then filed a motion for reconsideration pursuant to South Carolina Rule of Civil Procedure 59(e), *id*. at 181–83, which was denied on May 15, 2018, *id*. at 185–87.

On August 16, 2018, Petitioner, represented by attorney Elizabeth A. Franklin-Best, appealed the PCR court's ruling and filed a petition for writ of certiorari in the South Carolina Supreme Court. (ECF No. 14-8). On appeal, Petitioner raised the following two arguments:

> I.     Whether trial counsel rendered ineffective assistance of counsel when he failed to argue during the directed verdict motion or charge conference that a conviction under the accomplice liability theory requires proof of the defendant's physical presence at the scene of the crime?
>
> II.    Whether trial counsel rendered ineffective assistance of counsel when he failed to pursue an alibi defense? Specifically, whether trial counsel rendered ineffective assistance of counsel when he failed to call Deborah Missouri, Petitioner's mother, to testify at trial . . . when her testimony would have supported Petitioner's claim that he did not participate in the home invasion and murder of the victims?

*Id*. at 3. On January 9, 2019, the Supreme Court transferred Petitioner's appeal to the South Carolina Court of Appeals, (ECF No. 14-10), who, thereafter, denied Petitioner's petition for a writ of certiorari on December 7, 2020, (ECF No. 14-11).

Consequently, Petitioner initiated this action on July 12, 2021, alleging ineffective assistance of counsel on the same two grounds he sought to appeal the PCR court's ruling. (ECF No. 1). In particular, Petitioner asserts that his plea counsel was ineffective for failing to argue that a conviction under a theory of accomplice liability requires a defendant's physical presence at

4

the crime scene and for failing to pursue an alibi defense based on the testimony of Petitioner's mother, Deborah Missouri. *Id*. at 7, 12.

On November 10, 2021, Respondent filed his return and a Motion for Summary Judgment. (ECF Nos. 14; 15). Petitioner filed a response in opposition to Respondent's motion, (ECF No. 20), and Respondent replied (ECF No. 25). The magistrate judge entered his Report on April 14, 2022, recommending the undersigned grant Respondent's motion for summary judgment. (ECF No. 27). As discussed above, Petitioner filed objections to the Report. (ECF No. 31).

## MAGISTRATE JUDGE'S REPORT

In his Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment. (ECF No. 27 at 21). The magistrate judge first discussed the two-part test for ineffective assistance of counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. at 9–10. As to Petitioner's first claim that counsel was ineffective in failing to argue that conviction under a theory of accomplice liability requires proof of the defendant's presence at the scene, the magistrate judge first correctly noted that while "the question of counsel's performance depends on a matter of state law[,]" the "issue of whether a prisoner received ineffective assistance of counsel during their criminal trial is an issue of federal law that is cognizable in a federal habeas corpus action." *Id*. at 11 n.2. The magistrate judge also recognized that this issue was both raised and ruled upon in the PCR court as well as raised in Petitioner's PCR appeal.

As to the merits of the claim, after quoting extensively from the PCR court's analysis and ruling, the magistrate judge concluded that, while "[a] presumption of correctness attaches to state court *factual* findings[,]" in this case, "[t]he state PCR court's findings of fact are not only entitled to the presumption of correctness, but also are supported by the record." *Id*. at 13 (citing 28 U.S.C.

5

§ 2244(e)(1); 28 U.S.C. § 2254(e)(1)) (internal citations omitted) (emphasis added).  In particular, the magistrate judge found that, even though trial counsel only moved for directed verdict on the general argument that the State failed to prove its case, (1) the trial court denied Petitioner's motion for directed verdict on the ground that there was evidence of accomplice liability; (2) the PCR court found there was sufficient evidence to support this ruling; and (3) the PCR court applying South Carolina law ruled that, had trial counsel made his motion on the specific grounds that physical presence is required for accomplice liability, such motion would have been denied as that is the not the law in South Carolina.  *See id*. at 13–15, 15 n.3, 4.  The magistrate judge further recognized that Petitioner's cognizable habeas claim "rests on an interpretation of state law, i.e.[,] whether physical presence is required[,] and the PCR "court's decision on a question of state law is binding in federal court."  *Id*. at 15–16 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Thomas v. Davis*, 192 F.3d 445, 449 n.1 (4th Cir. 1999)).  As the magistrate judge noted, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[,]" and "[t]herefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."  *Id*. at 16 (quoting *Estelle*, 502 U.S. at 67–68; *Torrence v. Lewis*, Civ. A. No. 5:05-cv-00893-RBH, 2021 WL 3053380, at *3 (D.S.C. July 20, 2021)).  Accordingly, finding that Petitioner failed to show the PCR court's decision was an unreasonable application of law or fact, the magistrate judge recommended the court grant summary judgment as to Petitioner's first claim for ineffective assistance of counsel.  *Id*.

The magistrate judge then considered Petitioner's argument that his trial counsel erred in failing to pursue an alibi defense based on the testimony of his mother, Deborah Missouri.  *Id*. at 16–21.  Again, the magistrate judge quoted the relevant analysis and findings from the PCR court's

6

order and discussed the testimony from the PCR hearing. *See id*. at 17–20. In particular, the magistrate judge noted that, during the hearing, trial counsel "testified that everyone stipulated to the fact that Petitioner and the co-defendant were not at the crime scene so that an alibi of whether he was at home or not was not an issue." *Id*. at 19 (citing ECF No. 14-4 at 132–35). Additionally, trial counsel testified that the reason he did not seriously consider an alibi defense is because the State's theory was not that Petitioner was present at the crime, but rather was the mastermind behind it. *Id*. at 20 (citing ECF No. 14-4 at 172); *see also* (ECF No. 14-4 at 117–18). Further, the magistrate judge found that Petitioner himself conceded that he and his co-defendant "dropped the Bracey brothers off and that they were not at the scene of the crime when it took place." (ECF No. 27 at 20). Consequently, the magistrate judge concluded that, "[b]ased upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not 'contrary to, or involved an unreasonable application of, clearly established Federal law; [nor] did [it] result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Id*. at 20–21. The magistrate judge, therefore, agreed with the PCR court's conclusion that Petitioner could not satisfy the prejudice prong of *Strickland* and recommended the court grant summary judgment to Respondent as to this claim as well. *Id*. at 21.

## DISCUSSION

Petitioner filed two objections to the Report. *See* (ECF No. 31). Petitioner's first objection asserts that the magistrate judge erred by concluding this court "cannot address whether the state court's interpretation of South Carolina law is correct or not in addressing Petitioner's claim that his trial counsel rendered ineffective assistance of counsel for failing to argue that the State's accomplice liability theory requires proof of the defendant's physical presence at the scene of the

7

crime." *Id*. at 2. In support of his objection, Petitioner cites to *Sigmon v. Stirling*, 956 F.3d 183 (4th Cir. 2020) for the proposition that "[t]his court is empowered to determine whether the PCR court misconstrued South Carolina state law[.]" (ECF No. 31 at 2). However, contrary to Petitioner's assertion, the Fourth Circuit's ruling in *Sigmon* actually supports the magistrate judge's analysis and conclusion. *See* 956 F.3d at 191–204. In *Sigmon*, the Fourth Circuit reviewed and affirmed a district court's denial of habeas relief on multiple claims, none of which relied exclusively on the state court's interpretation and application of state law—contrary to Petitioner's first claim regarding whether physical presence is required for a conviction under accomplice liability in South Carolina. *See id*. Moreover, as the magistrate judge did in this case, the Fourth Circuit in *Sigmon* limited its review to only a determination of whether "the adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Id*. at 191 (quoting 28 U.S.C. § 2254(d)); *see also id*. at 192 ("Because the PCR court's conclusion that Sigmon could not show prejudice is not contrary to clearly established federal law or an unreasonable determination of the facts, we agree that Sigmon is not entitled to relief on this claim."); *id*. at 195 ("That conclusion is not an unreasonable determination of the facts in light of the evidence presented, and Sigmon is not entitled to relief on this claim."). Nowhere in its opinion in *Sigmon* does the Fourth Circuit appear to review or approve or disapprove of a purely state-law issue, and nothing in the Court's analysis can be read to suggest that federal courts on habeas review may second-guess or overrule a state court determination on an issue of state law. *See generally id*.

On the contrary, as the magistrate judge recognized in the Report, both Supreme Court and Fourth Circuit precedent are clear that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. at 67–68; *see also Thomas*, 192 F.3d at 449 n.1 ("The Supreme Court of South Carolina is, of course, the ultimate arbiter of that state's laws; a claim that it had simply misconstrued an act of the state legislature would not be cognizable on federal collateral review."). As the Supreme Court has repeatedly held, "'federal habeas corpus relief does not lie for errors of state law[,]'" and, as such, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 67, 68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Goins v. Warden, Perry Corr. Inst.*, 576 Fed. App'x 167, 170 (4th Cir. 2014) ("We must also presume the correctness of the state court's factual findings unless rebutted by clear and convincing evidence, and we are bound by 'a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction[.]'" (internal citations omitted)); *George v. Angelone*, 100 F.3d 353, 360 (4th Cir. 1996) (noting that, "[o]f course, the Supreme Court of Virginia is the final authority on the question of whether the prosecutor's argument violated state law").

In this case, whether Petitioner's conviction based on a theory of accomplice liability required proof of his physical presence at the scene of the crime is a purely state-law issue which both the trial court and the PCR court addressed. Therefore, the magistrate judge properly adopted the PCR court's ruling that no such proof of physical presence is required and concluded that, based on this ruling, the PCR court's denial of relief was neither an unreasonable application of Federal law nor based on an unreasonable factual determination. Accordingly, Petitioner's first objection is overruled.

Petitioner's second objection asserts that the magistrate judge erred by only considering the prejudice prong of Strickland as to his second claim regarding trial counsel's failure to pursue an alibi defense. *See* (ECF No. 31 at 2–3). However, it is well-established that a court may consider either prong of the *Strickland* test first and, if dispositive, need not consider the second prong. *See, e.g.*, *Sullivan v. Padula*, Civ. A. No. 4:11-2045-MGL, 2013 WL 876689, at *6 (D.S.C. Mar. 8, 2013) (citing *Strickland*, 466 U.S. at 697) ("Because the Court finds that Petitioner has failed to demonstrate the requisite prejudice to prevail on his claims of ineffective assistance of counsel, the Court need not address whether counsel's performance was deficient."); *Alston v. United States*, Cr. No. 2:09-581-PMD, 2011 WL 3489815, at *3 (D.S.C. Aug. 9, 2011) (quoting *Strickland*, 466 U.S. at 697) ("The Court's analysis of Petitioner's claim may properly start with the prejudice component because a court 'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'"); *Wong v. Belmontes*, 558 U.S. 15, 19–28 (2009) (declining to address whether trial counsel was deficient because Petitioner failed to show any prejudice); *Hands v. United States*, Nos. 7:11-cr-98-FL-1, 7:15-cv-232-FL, 2016 WL 4995074, at *4 (E.D.N.C. Sept. 19, 2016) (noting "the court need not address the deficient performance prong of an ineffective assistance of counsel claim if the prejudice prong is dispositive"). Thus, to the extent Petitioner attempts to argue the magistrate judge erred by declining to address the deficient representation prong of *Strickland* after determining that Petitioner could not satisfy the prejudice prong, Petitioner is incorrect, and his objection is overruled. Further, Petitioner does not object to the magistrate judge's conclusion that Petitioner failed to establish any prejudice as to his second claim nor has the court identified any clear error in the Report as to this claim. Accordingly, Petitioner's second objection is also overruled.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no error therein, the court **OVERRULES** Petitioner's objections (ECF No. 31), **ADOPTS** the Report in its entirety (ECF No. 27) and incorporates it herein. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 15) is **GRANTED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
June 16, 2022